# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,          :        Case No. 1:08-cr-068

                                       Chief Judge Susan J. Dlott
      -vs-                            Magistrate Judge Michael R. Merz

                                       :

CLARENCE NELSON,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 187). On the Court's Order, the United States has filed a Response (Doc. No. 200). The Order for Answer sets twenty-one days after the answer as the date by which Defendant was to file a reply. With the three extra days allowed after service by mail, the reply should have been filed by December 27, 2010. No reply has been received as of the date of this Report.

Nelson pled guilty to possessing with the intent to distribute cocaine, pursuant to a written plea agreement. The remaining counts of the indictment were dismissed and he received a twenty year sentence, which was below the Guideline range; he is serving a concurrent sentence in 1:08-cr-069.[1] He pleads the following claims for relief

        **Ground One:** Kevin Schad, defense attorney, failed to file notice of appeal.

---

[1] Nelson has filed a § 2255 motion in that case as well, but the United States has not yet filed its answer.

1

**Supporting Facts:** Nelson was sentenced to twenty-year [sic] under 841(b)(1)(A), § 4B1.2 (career offender). Nelson specifically requested counsel to file an appeal. In turn when Nelson learned notice had not been filed he attempted to file the [notice] pro se. But the appeal was dismissed. Was Nelson denied effective assistance where Kevin Schad failed to pursue an appeal.

**Ground Two:** Attorney Kevin Schad failed to advise Nelson of the collateral consequences of the plea.

**Supporting Facts:** Nelson plea guilty to a life felony without the understanding of the collateral consequences of the actual plea. Undoubtedly this conviction will eliminate any possibility of Federal benefits. In combination with 08-cr-69, [the conviction] subjects Nelson to a potential mandatory life sentence under § 851, qualifies [Nelson] as a serious drug offender under § 924(e), and has many of [sic] consequences. Was Nelson deprived [of] effective assistance under the Padilla v. Kentucky.

**Ground Three:** Kevin Schad failed to investigate rather [sic] Nelson's prior convictions contain a *Padilla* warning.

**Supporting Facts:** Nelson was designated and sentenced as a career offender based on three prior drug convictions that were devoid of any type of Padilla warning. Absences [sic] of such warning, Nelson had no way of knowing that they might be used to enhance him and this federal drug crime. Nelson is not challenging the face [sic] of those priors (nor waiving a challenge) only their use for lack of notice from their collateral consequences. Was Kevin Schad ineffective for failing to investigate, which would have eliminated the career offender.

**Ground Four:** Kevin Schad failed to advise Nelson of his rights regarding matters involving an increase in statutory minimum.

**Supporting Facts:** Recently the Supreme Court decided two cases which directly impact this issue. Nelson was given normal ritual in the plea hearing absent any information from Schad regarding increase in the minimums. The indictment is a mere instrument of notice open to challenge regarding an increase[d] mandatory minimum. Was Schad ineffective where he failed to properly advise Nelson correctly on the law and the Constitution.

(Motion, Doc. No. 187, PageID 451-452.)

## Ground One

In his first Ground for Relief, Petitioner asserts he instructed his trial attorney to file a notice of appeal and the attorney failed to do so. Failure to file a notice of appeal on request is ineffective assistance without any showing of prejudice. *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998). However, the United States points out a critical omission in the § 2255 Motion and the supporting Memorandum: Nelson fails to allege when he told his attorney to file a notice of appeal. Despite having this omission raised in the Response, Nelson filed no reply to allege a date when he claims he gave Schad this instruction. The Sixth Circuit also held "We emphasize, of course, that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Supreme Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal or this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

It would be pointless to file a notice of appeal after the time for appeal has expired. As Nelson learned when he filed a late notice, the Court of Appeals has no jurisdiction to consider a late appeal. Under Fed. R. App. P. 4(b)(1)(A), the notice of appeal in this case had to have been filed not later than fourteen days after judgment, or by January 4, 2010, given the holidays. It cannot be ineffective assistance of trial counsel to fail to file a notice of appeal after the time for appeal has expired. Therefore, the first Ground for Relief is without merit because Nelson has omitted a critical fact, the date on which he asserts he instructed. Should Nelson seek leave to amend to add the date, he should be advised that by doing so he will be waiving his privilege with respect to

3

communications with Schad about appeal.

### Ground Two

In his second Ground for Relief, Nelson accuses Mr. Schad of ineffective assistance of trial counsel for failing to advise him of the collateral consequences of his conviction. The collateral consequences he mentions are that this conviction would trigger enhanced penalties on future convictions (such as a conviction under 21 U.S.C. § 851), that the Bureau of Prisons may determine how the sentence will be served based on the type of conviction, and that he is prohibited from "receiving federal benefits."

Nelson relies on *Padilla v. Kentucky*, 559 U.S. ___, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), where the Supreme Court held it is ineffective assistance of trial counsel to fail to advise a defendant of the deportation or removal consequence which will probably flow from a conviction. In dissent in *Padilla*, Justice Scalia decried what he viewed as the likelihood that requiring advice of any collateral consequence would require advice of all collateral consequences. Of course, Justice Scalia wrote in dissent and his view of what the law might become is not the law. In *Padilla* the Court majority held it was "uniquely difficult to classify as either a direct or a collateral consequence" 130 S. Ct. at 1482. The Court held it need not reach the question of application of the direct/collateral distinction in *Padilla* "because of the unique nature of deportation." *Id.*

*Padilla* is of no assistance to Nelson in this case because an enhanced penalty on a future offense is neither a direct nor a collateral consequence of his convictions here. The penalty he faces on any future conviction will be the direct consequence of all the relevant characteristic he displays at that time and of the law at that time. His current conviction will not cause him to be amenable to those penalties **unless he commits some future crime**. It might not even be possible to advise

4

him of the sorts of consequences he complains of because the law may change. Congress has the authority to attach more severe consequences to future crimes based on past conduct without running afoul of the Ex Post Facto Clause so long as it adopts those penalties before the new crime is committed. See, e.g., *Gryger v. Burke,* 334 U.S. 728 (1948), and *United States v. Ilacqua*, 562 F.2d 399 (6th Cir., 1977), holding recidivist statutes do not violate the Ex Post Facto Clause in relying on convictions which occurred before the recidivist statue was passed.

At the very least neither the Supreme Court nor the Sixth Circuit has extended *Padilla* beyond deportation, which is a more or less automatic consequence of certain convictions. *Padilla* does not support granting relief in this case. Ground Two, therefore, is without merit.

### Ground Three

In his third Ground for Relief, Nelson argues Attorney Schad was ineffective for failing to investigate whether Nelson was given *Padilla*-like warnings in the prior convictions relied on to enhance his sentence in this case. This claim is also without merit for at least the following reasons:

1. If Nelson, who certainly knows whether he received *Padilla*-like warnings in the prior convictions, did not bother to tell Schad, the attorney was not under any independent duty to investigate that question.

2. The Supreme Court has held that a federal defendant may not challenge prior state convictions that were used to enhance his federal sentence except on the ground that the convictions were obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Daniels v. United States*, 532 U.S. 374 (2001). Thus if Mr. Schad had gathered this information, it would have been useless in trying to avoid the career offender classification.

3. The Supreme Court has given no indication that *Padilla* is to be applied retroactively.

**Conclusion**

Nelson's § 2255 Motion to Vacate is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should be denied any requested certificate of appealability. Because any appeal would be objectively frivolous, leave to appeal *in forma pauperis* should be denied.

January 4, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).