# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                  :          Case No. 1:08-cr-068

                                             Chief Judge Susan J. Dlott
     -vs-                                    Magistrate Judge Michael R. Merz

                                           :

CLARENCE NELSON,

      Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This case is before the Court on Defendant's second Motion for Reconsideration under Fed. R. Civ. P. 59(e) (Doc. No. 210). Motions to amend the judgment under Fed. R. Civ. P. 59(e) are post-judgment motions which require a report and recommendations from a magistrate judge.

The gist of Defendant's first Motion to Reconsider was that he had filed Motions to Vacate his convictions in both this case and Case No. 1:08-cr-069. In the latter case, the Magistrate Judge concluded, essentially on concession of the United States, that Mr. Nelson was entitled to an evidentiary hearing on his First Ground for Relief, to wit, that counsel had failed to file a timely notice of appeal. In the 068 case, however, the Magistrate Judge recommended and Chief Judge Dlott decided to dismiss the case. In his first Motion for Reconsideration, Defendant asserted that he expressly instructed counsel to file an appeal in both cases. Therefore, he said, "it makes absolutely no legal sense to rule" differently in the two cases. Despite that argument, Chief Judge Dlott denied the first Motion for Reconsideration.

In his second Motion for Reconsideration, Mr. Nelson asks the Court to take judicial notice of the Magistrate Judge's "withdrawing his Report and Recommendations" as if what were being

withdrawn were the Report and Recommendations on the merits.  That is not so.  What was withdrawn was the R&R on the first Motion for Reconsideration and it was done because Chief Judge Dlott had herself ruled on the first Motion for Reconsideration.

The evidentiary hearing has now been held in the -069 case and a Report filed today recommending dismissal in that case as well.  Nothing in that case suggests that the decision in this case was in error.  Accordingly, it is respectfully recommended that the second Motion for Reconsideration (Doc. No. 210) be denied.

October 14, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).