# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

   Plaintiff,        :    Case No. 1:08-cr-068-3

                  Chief Judge Susan J. Dlott
-vs-                 Magistrate Judge Michael R. Merz

                :

CLARENCE NELSON,

   Defendant.

## ORDER

This case is before the Court on Defendant's third Motion for Reconsideration under Fed. R. Civ. P. 59(e) (Doc. No. 214).

On October 14, 2011, the Court adopted the Magistrate Judge's Report and Recommendations recommending that Defendant's second Motion for reconsideration be adopted because no objections had been filed (Doc. No. 213). In his instant Motion, Defendant claims the Order is absurd because he did in fact file objections (Motion, Doc. No. 214, PageID 569). The docket belies that assertion: no objections were filed.

Defendant also claims that both of his cases (this case and 1:08-cr-069) "have been consolidated at every proceeding." (Motion, Doc. No. 214, PageID 569.) That assertion is also belied by the docket which contains no consolidation motion or entry.

Defendant asserts it "makes no legal sense to grant an evidentiary hearing in one case and not the other when the facts regarding Ground One are on all fours with each other." *Id.* at PageID 570. In this case the Magistrate Judge found no hearing was appropriate because the § 2255 Motion omitted any allegation about when Defendant told his attorney to file a notice of

1

appeal (Report and Recommendations, Doc. No. 201, PageID 496). The United States had made precisely this point in its Response (Doc. No. 200), and Defendant failed to file a reply, even though the Magistrate Judge had set a date for reply. Nor did Defendant ever attempt to amend his Motion to Vacate to add the omitted factual allegation, even though the Magistrate Judge indicated in his Report and Recommendations that this was a possibility (doc. No. 201, PageID 496-497).

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Under this standard, Defendant has not demonstrated his entitlement to reconsideration.

Defendant's third Motion for Reconsideration is therefore denied.

IT IS ORDERED.

_____
Susan J. Dlott, Chief Judge
United States District Court