# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

    Plaintiff,           :          Case No. 1:08-cr-068
                                          Also Case No. 1:10-cv-583

                                          Chief Judge Susan J. Dlott
   -vs-                                   Magistrate Judge Michael R. Merz
                                          :

CLARENCE NELSON,

    Defendant.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on remand from the Sixth Circuit Court of Appeals to determine whether to grant a certificate of appealability and, if so, to specify the issues on which it is granted (Order, 6th Cir. Case No. 12-4471, copy at Doc. No. 218).

As provided in 28 U.S.C. § 2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

1

The Rule codifies prior practice in the Sixth Circuit. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997) overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997); *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack*, 529 at 484, quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983) superseded on other grounds by statute, 28 U.S.C. § 2253(c)(2), as recognized in *Rickman v. Bell,* 131 F.3d 1150, 1165 (6th Cir. 1997). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's

> order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484.

The Notice of Appeal (Doc. No. 217) in this case specifies that Mr. Nelson is appealing from Chief Judge Dlott's Order of November 16, 2012 (Doc. No. 215), denying his Motion for Reconsideration of November 21, 2011 (Doc. No. 214).

This was Mr. Nellson's third motion for reconsideration.  Chief Judge Dlott denied his § 2255 Motion to Vacate on the merits March 10, 2011 (Doc. No. 203).  In the same Order, she denied any certificate of appealability on the merits.  Mr. Nelson took not appeal, but filed his first Motion for Reconsideration on March 21, 2011 (Doc. No. 205).  Chief Judge Dlott denied that Motion March 29, 2011 (Doc. No. 207).  Again Mr. Nelson took no appeal but filed his second Motion for Reconsideration (Doc. No. 210).  Chief Judge Dlott denied that motion on November 9, 2011 (Doc. No. 213).  For a third time, Mr. Nelson took no appeal, but filed his third Motion for Reconsideration (Doc. No. 214).  Chief Judge Dlott again denied reconsideration (Doc. No. 215).  It is from this last Order that Mr. Nelson appeals.

The only issues which the Court of Appeals can or will consider on appeal from denial of a motion for relief from judgment are the issues related to that motion, and not the underlying issues on the merits. Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §3916, citing *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 263 n. 7 (1978); *Amernational Indus., Inc., v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991).  In a habeas corpus case, a certificate of appealability must be obtained before appealing from an order denying a motion to amend the judgment. *United States v. Hardin*, 481 F.3d 924, 926 (6th

3

Cir. 2007).

In the instant Motion, Nelson argues it is absurd that the Court granted him an evidentiary hearing in his other § 2255 case in this Court (Case No. 1:08-cr-069) because the facts are indistinguishable (Doc. No. 214). As Chief Judge Dlott concluded in denying the Motion for Reconsideration, there was a significant difference because in one case Nelson claimed in the § 2255 Motion that he had told his attorney to file an appeal and in the other case he did not make that claim in the pleading (Order, Doc. No. 215, PageID 571). That distinction is thoroughly supported by the record and it was therefore not error to decline to amend the judgment. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on the Order denying his third Motion for Reconsideration, the only order from which he has appealed.[1]

March 5, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] This Court already denied Nelson a certificate of appealability on the merits. See Doc. No. 203.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).