IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:08-cr-068 |
| Plaintiff, | : | Case No. 1:08-cr-069 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Clarence Nelson, | : | Order Denying without Prejudice to Re- |
| | : | Filing Motion for Reduction in Sentence |
| Defendant. | : | |

This matter is before the Court on the Motion for Reduction in Sentence (Doc. 257) filed by Defendant Clarence Nelson. The Government has filed a Response (Doc. 258). Because Nelson has not established that he satisfied the administrative prerequisites to filing suit, the Court will **DENY WITHOUT PREJUDICE TO RE-FILING** Nelson's Motion.

**I.  BACKGROUND**

Nelson was charged with participation in two separate drug trafficking conspiracies. In Case No. 1:08-cr-068, Nelson pleaded guilty to conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine. In Case No. 1:08-cr-069, Nelson pleaded guilty to conspiracy to distribute in excess of 1 kilogram of heroin. The cases were consolidated for purposes of sentencing and all subsequent proceedings.

The Court sentenced Nelson on December 15, 2009 to a term of imprisonment of 240 months on each count to run concurrently—below the recommended Sentencing Guidelines range of 262 months to 327 months—plus 5 years of supervised release on each count to run concurrently and a total fine of $1,250. (Doc. 160 at PageID 385–388; Doc. 161 at PageID 390.)[1]

---

[1] Case citations are to the first-filed case, No. 1:08-cr-068.

Nelson, currently age 47, is incarcerated at FCI Berlin and has an estimated release date of August 7, 2025. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 2/2/2021). Nelson filed the pending Motion for Reduction in Sentence on January 13, 2021. The Government opposes a reduction in his sentence.

**II.    ANALYSIS**

Nelson seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The exhaustion of administrative remedies requirement set forth in § 3582(c)(1)(1) is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). This claims-processing rule "serves important interests" including that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835. Any compassionate release motion filed less than 30 days after the warden receives a compassionate release request must be denied without prejudice. *Id.* at 836.

Nelson asserts that he made a request to the Bureau of Prisons ("BOP") for compassionate release on April 12, 2020 and his request was denied. (Doc. 257 at PageID 748.) However, he has not provided a copy of that request, nor proof of the warden's receipt or denial of the request, to the Court. The Court cannot conclude without evidence that Nelson made the request to the warden and at least thirty days passed since the warden *received* his request. *See* 18 U.S.C. § 3582(c)(1)(A). Although the Government does not explicitly raise Nelson's failure to exhaust as a defense, it does assert that "the statutory requirement that [the] BOP have the opportunity to address such request in the first instance serves important functions." (Doc. 258 at PageID 758.) The Court agrees and will enforce the claims-processing rule to ensure that the warden has had the first opportunity to address Nelson's request for compassionate release.

For this reason, Nelson's Motion for Reduction in Sentence (Doc. 257) is **DENIED WITHOUT PREJUDICE TO RE-FILING**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge