IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:08-cr-068 |
| Plaintiff, | : | Case No. 1:08-cr-069 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Clarence Nelson, | : | Order Denying Amended Motion for |
| | : | Reduction in Sentence |
| Defendant. | : | |

This matter is before the Court on the Amended Motion for Reduction in Sentence (Doc. 260)[1] filed by Defendant Clarence Nelson. Nelson argues that a non-retroactive change in law concerning the career offender designation, combined with his risk of exposure to COVID-19 in prison, constitute an extraordinary and compelling reason to reduce his sentence. For the reasons that follow, the Court will **DENY** the Amended Motion for Reduction in Sentence.

I.     BACKGROUND

Nelson was charged in separate cases for participation in two drug trafficking conspiracies. He ultimately pleaded guilty to and was sentenced for two counts of conspiracy, one to distribute cocaine and the other to distribute heroin.

The Court sentenced Nelson on December 17, 2009. Both crimes had mandatory minimum sentences of 10 years of imprisonment. At sentencing, the Court adopted the findings of fact in the Presentence Report ("PSR"). (Doc. 211 at PageID 522.) The Court initially stated that Nelson had a total offense level of 34 and a criminal history category of VI, resulting in a Sentencing Guidelines range of 262 to 327 months of imprisonment. (*Id.* at PageID 536.) The Court also found that Nelson was a career offender under Sentencing Guideline § 4B1.1,

---

[1] Case citations are to the lower case number, 1:08-cr-068, unless specifically noted otherwise.

including specifically that the conspiracy crimes to which he pleaded guilty were controlled substance offenses. (*Id.*) However, at the sentencing hearing, the Court agreed to find that Nelson was responsible for a lower amount of heroin than was indicated in the PSR. (*Id.* at PageID 530–535.) The Court determined that his total offense level would have been 29 if the career offender provision did not apply. (*Id.* at PageID 535–536.)[2]

The Court sentenced Nelson to a term of imprisonment of 240 months on each count to run concurrently, which was below the recommended Sentencing Guidelines range of 262 to 327 months of imprisonment, plus supervised release and a fine. (*Id.* at PageID 559; Doc. 160.) The Court explained the decision to depart downwards in part as follows:

> The defendant became involved in two drug conspiracies and is accountable for a large amount of drugs. He has a long history of criminal activity, including four previous convictions for drug trafficking, which suggests that he is likely to recidivate. However, the defendant was making strides to become a productive citizen. He had purchased a home and worked in his mother's janitorial business. Because of his actions in the instant offenses, the defendant, unfortunately, will spend his young adulthood in prison. Therefore, considering the nature of the circumstances of the offense and the history and characteristics of the defendant—and let me go through that a little bit because I've got some specific things here.
>
> * * *
>
> With regard to the history and characteristics of the defendant, the Court has considered the fact that the defendant has four previous convictions for drug trafficking. He is a career offender. The Court has also considered the fact that he purchased a home; that he worked in his mother's janitor business, and I just want to quote to you from some of the letters: That Mr. Nelson has a kind heart. He's a good father. He's a smart, mannerable young man. He's good with children and older folks. He's a good and kind person with a big heart, a loving caring person, and he even volunteered at the community center. He's a good father to his three children, and he has significant ties with his family which is probably evident from the number of people that are here for you, Mr. Nelson.

---

[2] Nelson objected to the criminal history points assessed in paragraphs 94, 102, and 107 of the PSR at sentencing. (Doc. 211 at PageID 531.) The Court found that the offense behavior calculation was correct, but that the objection was moot because the Sentencing Guidelines calculation would not change based on Nelson being a career offender. (*Id.* at PageID 531–532.)

> It's almost like reading about two different people. We've got the good father and family member, and then we've got the person who's distributing drugs that hurt the community terribly and end up in people being killed a lot of the time. And it's somewhat hard to reconcile the two.
>
> * * * *
>
> All right. It's days like this that I don't like being a judge because I do believe you're a nice person, Mr. Nelson. Unfortunately, you have incredibly contributed to the misery of the community by continuing to sell drugs. I was just looking back at your criminal record, and even though you were charged, even though you were charged and convicted, it looks like the minute you got out of jail, you were back selling drugs again. And the amounts in this case are huge. It's not, you know, it's not just a neighborhood sale here. You're providing it for an entire community. And because of your past record, you would be a career offender even if you had one less conviction.
>
> However, the Court, even though 262 is the bottom of the guidelines, now that we're no longer required to follow the guidelines, I believe that 20 years imprisonment is—is enough for anybody. If you're going to come out and commit an offense again, you're probably going to do it either—whether you serve 17 years or 20 years.

(Doc. 211 at PageID 537–538, 539–540, 557–558.)

Nelson, currently age 48, is incarcerated at FCI Berlin and has an estimated release date of August 7, 2025. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed September 20, 2021). Nelson filed his first Motion for Reduction in Sentence on January 13, 2021. (Doc. 257.) The Court denied it without prejudice on the grounds that Nelson had not proven that he had satisfied the administrative prerequisites to filing suit. (Doc. 259.) Nelson filed his Amended Motion for Reduction in Sentence on March 4, 2021, and the Government filed its Response on March 30, 2021. (Docs. 260, 262.) Nelson seeks the Court to re-sentence him without the career offender designation. The Government opposes any reduction in sentence.

On April 21, 2021, the Court issued an Order Holding the Amended Motion for Reduction in Sentence in Abeyance pending the outcome of *United States v. Davis*, No. 2:13-

CR-00046-8-JRG, 2021 WL 829367, at *11 (E.D. Tenn. Mar. 4, 2021), *appealed*, No. 21-5258 (6th Cir. Mar. 18, 2021). (Doc. 263.) The Court lifted the hold of abeyance on August 18, 2021 after learning that the *Davis* appeal had been voluntarily dismissed. (Doc. 266.) The Court also granted both parties leave to file supplemental briefs by September 15, 2021, but neither party filed a brief. This matter is ripe for final adjudication.

## II.  STANDARD OF LAW

Nelson seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking a sentence reduction bears the burden of proof. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[3] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, No. 21-1275, — 4th —, 2021 WL 3855665, at *3 (6th Cir. Aug. 30, 2021) (quoting 28 U.S.C. § 994(t)). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* Nonetheless, the Sixth Circuit recently defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.* at *4.

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553.

---

[3] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider the non-retroactive changes in law relevant to sentencing as part of its weighing of the § 3553(a) sentencing factors. *See Hunter*, 2021 WL 3855665, at *6; *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. June 3, 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

Nelson identifies two grounds that together he asserts satisfy the extraordinary and compelling reason for a reduction in sentence: (1) the Sixth Circuit's new interpretation of the term "controlled substance offense" which would remove his designation as a "career offender" if he were sentenced today and (2) the risks posed to federal inmates by the COVID-19 pandemic.

The second part of his argument can be addressed quickly. COVID-19 is caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020. However, courts in the Sixth Circuit have held that the existence of COVID-19 in society and the generalized risk of contagion in prisons standing alone are not sufficient to constitute extraordinary and compelling reasons for a reduction in sentence under § 3582(c). *See*, *e.g.*, *United States v. Santos*, No. 2:14-CR-4, 2020 WL 7767621, at *3 (S.D. Ohio Dec. 30, 2020) ("[T]his Court is not inclined to find that extraordinary and compelling reasons warrant an inmate's release unless COVID-19 presents a particularized risk to that inmate."); *United States v. Parks*, No. 3:18-CR-006, 2020 WL 7364982, at *3 (E.D. Tenn. Dec. 15, 2020) ("[T]he COVID-19 pandemic cannot alone justify compassionate release."). Nelson

has not asserted that he has a health condition which puts him at a special risk for severe illness if he contracts COVID-19. This Court agrees that COVID-19 is not, standing alone, an extraordinary and compelling basis to reduce Nelson's sentence.

Turning to Nelson's core argument, Nelson asserts that he is entitled to a reduction in sentence because he would not be designated as a career offender if he was sentenced today. The 2011 Sentencing Guidelines defined the term "career offender" as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines further defined "controlled substance offense" to be "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Court found that Nelson met all three factors to be a career offender under Sentencing Guideline § 4B1.1, including that the instant conspiracy offense was a controlled substance offense. (Doc. 211 at PageID 533, 536.)

The law relevant to the career offender designation has changed since Nelson was sentenced. The Sixth Circuit held in 2019 that a "controlled substance offense" under § 4B1.2(b) did not include attempt crimes. *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (*en banc*). The Sixth Circuit explained in *Havis* that the Sentencing Guideline application note, which purported to expand the definition of a controlled substance offense in § 4B1.2(b) to include the offenses of attempt and conspiracy, was not controlling. *Id.* at 384, 387. Then, the next month, the Sixth Circuit remanded for resentencing consistent with *Havis* a defendant whose designation as a career offender had been based on a conviction for conspiracy to possess

with the intent to distribute cocaine base. *United States v. Powell*, 781 F. App'x 487, 490 (6th Cir. 2019). The district court at resentencing held that the defendant's conviction for conspiracy did not qualify as a controlled substance offense under § 4B1.2(b), and therefore, the defendant was not a career offender under § 4B1.1(a). *United States v. Powell*, No. 5:17CR333, 2020 WL 1852750, at *2 (N.D. Ohio April 13, 2020).

Nelson argues, correctly, that he would not be deemed a career offender if he were sentenced today because of *Powell*'s holding that conspiracy crimes are not controlled substance offenses. His recommended sentencing range under the Sentencing Guidelines would have been lower without the career offender designation. The sentencing range for a defendant with a total offense level of 29 and a criminal history category of VI was 151 to 188 months of imprisonment in 2011. Nelson concedes that the changes to the law wrought by *Havis* and *Powell* are not retroactive,[4] but he argues that the changes can be considered an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A).

In a recent series of five cases culminating in *Hunter*, the Sixth Circuit has closed the door on Nelson's argument that a non-retroactive change in law can constitute extraordinary and compelling reason to reduce a sentence under § 3582(c)(1)(A). In the first case, John Tomes sought compassionate release because he would have received a shorter sentence pursuant to § 401 of the First Step Act if he was sentenced in 2021 and because he was at greater risk for severe illness from COVID-19 because of a chronic asthma condition. *United States v. Tomes*, 990 F.3d 500, 504–505 (6th Cir. Mar. 9, 2021), *rehearing en banc denied* (6th Cir. April 8, 2021), *petition for cert. filed*, No. 21-5104 (U.S. July 14, 2021). The Sixth Circuit would not grant him release based on a special COVID-19 risk because he did not provide records to prove

---

[4] *Havis* was decided while the *Powell* appeal was pending.

he had asthma. *Id.* at PageID 504. It also refused to grant him release based on the § 401 change in law because the statute expressly applied "only where a sentence for the offense has not been imposed as of the date of the Act's enactment." *Id.* (cleaned up). Tomes was sentenced before § 401 was enacted. *Id.* The court concluded that it would "not render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id.*

The next Sixth Circuit panel to examine this issue came to a different conclusion. Ian Owens was sentenced to a mandatory 105-year term of imprisonment, but under § 403 of the First Step Act he could have been sentenced to a mandatory minimum 25-year term of imprisonment. *United States v. Owens*, 996 F.3d 755, 758–759 (6th Cir. May 6, 2021). The Sixth Circuit recognized that § 403 did not apply to Owens because he already had been sentenced. *Id.* at 759. Owens argued that his "remarkable rehabilitation," his lengthy 105-year sentence, and the disparity between the sentence he received and the sentence he would have received under § 403 together constituted an extraordinary and compelling reason to justify compassionate release. *Id.* at 759–760. The Sixth Circuit agreed. "We hold that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied." *Id.* at 760.

Subsequent to *Owens*, however, two panels of the Sixth Circuit agreed that *Tomes* was correctly decided and held that non-retroactive changes to statutory minimum sentences could not constitute an extraordinary and compelling reason to grant compassionate release. *See United States v. Corona*, No. 20-6309, — F. App'x —, 2021 WL 2345769 (6th Cir. June 8,

9

2021), *pet. for cert. filed*, No. 21-5671 (U.S. Sept. 14, 2021); *Jarvis*, 999 F.3d at 446. Jason Jarvis was sentenced in 2014 to a 40-year term of imprisonment for a series of armed bank robberies. *Jarvis*, 999 F.3d at 442–443. Jarvis would be eligible for a shorter sentence today under § 403 of the First Step Act. *Id.* at 443. Jarvis argued that, under *Owens*, the non-retroactive change in law combined with COVID-19, his high blood pressure, and his rehabilitative efforts were sufficient to comprise extraordinary and compelling reason for compassionate release. *Id.* at 444. The Sixth Circuit disagreed. It concluded, in essence, that *Tomes* and *Owens* were contradictory and could not be distinguished in material respect. *Id.* at PageID 445–446. The court followed *Tomes* as the first of two conflicting precedents. *Id.* Five days later, another Sixth Circuit panel in *Corona* adopted the reasoning of *Jarvis* and *Tomes* and refused to follow *Owens*. 2021 WL 2345769, at *3.

Finally, the Sixth Circuit issued the *Hunter* decision, which held that "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction." 2021 WL 3855665, at *4. It also clarified that this rule applies whether the non-retroactive change in law was based on statutory amendment or case law precedent. *Id.* at *6 (holding that the district court erred by giving retroactive effect to the *Booker* change in sentencing law). With *Hunter*, the Sixth Circuit has ended reasonable debate in this circuit on non-retroactive changes in law and § 3582(c)(1)(A)(i). The change in law announced in *Havis* and *Powell* about career offender status under the Sentencing Guidelines is not retroactive. Therefore, it cannot be an extraordinary and compelling basis to reduce Nelson's sentence, standing alone or in conjunction with his COVID-19 concerns. Nelson cannot establish the first prong of the § 3582(c)(1)(A)

10

analysis. *See Jones*, 980 F.3d at 1101, 1109 (stating two-prong analysis). He is not entitled to a reduction in sentence.

## IV. CONCLUSION

For the foregoing reasons, Nelson's Amended Motion for Reduction in Sentence (Doc. 260) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

11