IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:08-cr-068 |
| Plaintiff, | : | Case No. 1:08-cr-069 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Clarence Nelson, | : | Order Denying [Fourth] Motion for |
| | : | Compassionate Release |
| Defendant. | : | |

This matter is before the Court on Defendant's [Fourth] Motion for Compassionate Release. (Doc. 272.)[1] Nelson argues that a nonretroactive change in law constitutes an extraordinary and compelling reason to reduce his sentence under the Amendment 814 to the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guideline"). For the reasons that follow, the Court will **DENY** Nelson's [Fourth] Motion for Compassionate Release.

I.      BACKGROUND

A.      **Crime and Sentencing**

Nelson was charged in separate cases for participation in two drug trafficking conspiracies. He ultimately pleaded guilty to and was sentenced for two counts of conspiracy, one to distribute cocaine and the other to distribute heroin. (Doc. 211 at PageID 522.) The Court sentenced Nelson on December 15, 2009. Both crimes had mandatory minimum sentences of 10 years of imprisonment. (*Id.* at PageID 522–523.) The Court determined that Nelson was a career offender under Sentencing Guideline § 4B1.1 because the conspiracy crimes to which he pleaded guilty were controlled substance offenses. (*Id.* at PageID 536.) His base offense level was 37 because of the career offender designation, but it was adjusted to 34 for acceptance of

---

[1] Case citations are to the lower case number, 1:08-cr-068.

responsibility. (*Id.*) The total offense level of 34, plus 14 criminal history points equating to a criminal history category of VI, resulted in a Sentencing Guidelines range of 262 to 327 months of imprisonment. (*Id.*) However, at the sentencing hearing, the Court agreed to find that Nelson was responsible for a lower amount of heroin than was indicated in the Presentence Report. (*Id.* at PageID 530–535.) The Court determined that his base offense level would have been 32 and his total offense level would have been 29 if the career offender provision did not apply. (*Id.* at PageID 535–536.)

The Court sentenced Nelson to a term of imprisonment of 240 months on each count to run concurrently, which was below the recommended Sentencing Guidelines range of 262 to 327 months of imprisonment, plus five years of supervised release and a fine. (*Id.* at PageID 559; Doc. 160.) Nelson, currently age 50, is detained at a halfway house supervised from the Residential Reentry Management field office in Cincinnati, Ohio. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 4/30/2024). His estimated date of release is August 7, 2024. (*Id.*) Nelson is asking that he be immediately released from the halfway house without a term of supervised release.

**B.      Post-Sentencing Motions**

Nelson has filed multiple motions asking for a reduction in sentence, also known as motions for compassionate release. As explained in more detail below, a district court can grant a reduction in sentence for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A). Nelson has argued repeatedly that nonretroactive changes in sentencing law—changes that would have resulted in Nelson receiving a lower sentence had it been in effect in 2009—constitute an extraordinary and compelling reason to reduce his sentence.

2

Nelson filed his first Motion for Reduction in Sentence on January 13, 2021. (Doc. 257.) The Court denied it without prejudice on the grounds that Nelson had not satisfied the administrative prerequisites for seeking a reduction in sentence. (Doc. 259.)

Nelson filed an Amended Motion for Reduction in Sentence in March 2021 after he satisfied the administrative prerequisites. (Doc. 260.) As to the merits, Nelson argued in part that the Sixth Circuit's new interpretation of the term "controlled substance offense" would remove his designation as a "career offender" if he were sentenced in 2021. The Court denied Nelson a reduction in his sentence. (Doc. 267.) The Court examined the conflicting case law in the Sixth Circuit as to whether a nonretroactive changes in law—such as the change regarding who is considered a career offender—was sufficient to constitute an extraordinary and compelling reason to grant a reduction in sentence. (*Id.* at PageID 843–845.) The Court concluded that in the Sixth Circuit a nonretroactive change in law was not sufficient to justify a reduction in the sentence. (*Id.* at PageID 845.)

Then in 2022, Nelson filed a [Third] Motion for Compassionate Release/Sentence Reduction and a Motion to Amend, which the Court denied on the basis of *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2002) (*en banc*). (Docs. 269, 270, 271.) The Sixth Circuit in *McCall* resolved an intra-Circuit division and held that nonretroactive changes in law could not factor into the extraordinary and compelling analysis to grant a reduction in sentence. *Id.* at 1055.

Pending before the Court is Nelson's [Fourth] Motion for Compassionate Release. Nelson, represented by counsel, argues that Amendment 814 to the Sentencing Guidelines had the effect of supplanting the *McCall* decision. Nelson argues that under Amendment 814 nonretroactive changes of law can constitute an extraordinary and compelling circumstance

3

sufficient to justify a reduction in sentence.  The Government has filed a Response in opposition. (Doc. 274.)

## II.    STANDARD OF LAW

Nelson seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court lacks authority to resentence a defendant, except as permitted by statute.  *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008).  Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Assuming that the inmate has exhausted administrative remedies,[2] the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18

---

[2]  The Court cannot *sua sponte* enforce the exhaustion claims-processing rule.  *See United States v. Miller*, No. 21-3311, 2021 WL 4467781, at *2 (6th Cir. Sept. 2, 2021) (finding procedural error when a district court *sua sponte* enforced the § 3582(c)(1)(a) claims-processing rule); *United States v. Rucker*, No. 20-5533, 2020 U.S. App. LEXIS 28048, at *3 (6th Cir. Sep. 2, 2020) ("Generally, exhaustion is an affirmative defense that should not be invoked sua sponte by the district court based on a failure to plead or attach exhibits proving exhaustion.")

U.S.C. § 3553(a).  *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[3]

"Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'"  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

### III.  ANALYSIS

Nelson contends that under the newly-enacted policy statement in Amendment 814 to the Sentencing Guidelines a nonretroactive change in law can the constitute the extraordinary and compelling basis for a reduction in sentence.  The revised policy statement in the Sentencing Guidelines provides in relevant part as follows:

> **(b) Extraordinary and Compelling Reasons**: Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> * * *
>
> **(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13.  To satisfy Sentencing Guideline § 1B1.13(b)(6), an inmate must establish that (1) he received an unusually long sentence; (2) he served at least 10 years of that sentence; (3) there has been a nonretroactive change in law relevant to that sentence; and (4) the change in

---

[3] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission policy statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates.  980 F.3d at 1109, 1111.  Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13.  *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).  However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates.  U.S.S.G. § 1B1.13(a).

law produced a gross disparity between the sentence being served and the sentence likely to be imposed for the same crime now.

The Government argues both that § 1B1.13(b)(6) is invalid because it is "contrary to [§ 3582(c)(1)(A)(i)'s] text, structure, and purpose" and that Nelson is not entitled to a reduction in sentence under that provision. (Doc. 274 at PageID 887.) Though the former argument presents an interesting legal question,[4] the Court will not attempt to resolve it in this case because Nelson is not eligible for relief even assuming the policy statement in § 1B1.13(b)(6) is valid.

Nelson argues that he would not be considered a career offender if he was sentenced today because of a nonretroactive change in sentencing law. At sentencing, the Court found that Nelson was a career offender under 2009 Sentencing Guideline § 4B1.1 in part because the instant conspiracy offense was determined to be a controlled substance offense. (Doc. 211 at PageID 533–536.) However, the law in this Circuit changed in 2019 when the Sixth Circuit determined in *Havis* and *Powell* that attempt and conspiracy offenses no longer qualified as controlled substance offenses for purposes of determining who is a career offender.[5] Nelson

---

[4] District courts across the country are addressing arguments by the Government that Sentencing Guideline § 1B1.13(b)(6) is invalid. Chief Judge Algenon L. Marbley in the Southern District of Ohio held that § 1B1.13(b)(6) was a valid exercise of the authority Congress delegated to the Sentencing Commission to define extraordinary and compelling circumstances and that the "*McCall*'s categorical ban on the consideration of nonretroactive sentencing developments no longer applies." *United States v. Brown*, No. 2:95-cr-66(2), —F. Supp. 3d—, 2024 WL 409062, at *4–7 (S.D. Ohio Feb. 2, 2024). Other district courts concur. *See, e.g., United States v. Allen*, No. 1:09-cr-320, — F. Supp. 3d —, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) ("[T]he Court concludes that the amendment was within the Commission's power . . . ."); *United States v. Capps*, No. 1:11-cr-108, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024) (stating that nothing in § 3582(c)(1)(A) prohibited the Sentencing Commission from considering nonretroactive changes in law as extraordinary and compelling circumstances). Conversely, a district court in the Eastern District of Pennsylvania held that it was bound to follow Third Circuit precedent barring consideration of nonretroactive developments and not the later-enacted § 1B1.13(b)(6). *United States v. Carter*, No. 07-374-1, —F.3d—, 2024 WL 136777, at *5–6 (E.D. Pa. Jan. 12, 2024), *appeal filed*, No. 24-115 (3d Cir. Jan. 19, 2024). A court in the Northern District of Iowa found that § 1B1.13(b)(6) violated the Separation of Powers Doctrine and was "unworkably vague." *United States v. Williams*, No. 00-cr-56, 2024 WL 1075226, at *6–7 (N.D. Iowa Mar. 12, 2024).

[5] The Sixth Circuit held in 2019 that a "controlled substance offense" as defined in Sentencing Guideline § 4B1.2(b) did not include attempt crimes. *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (*en banc*).

argues that he is entitled to a sentence reduction pursuant to Sentencing Guideline § 1B1.13(b)(6) because, under the otherwise nonretroactive holdings of *Havis* and *Powell*, he would not be considered a career offender today. However, Nelson's argument fails because he did not take into account Amendment 822 to the Sentencing Guidelines.

Amendment 822 to the Sentencing Guidelines changed the definition of "controlled substance offense" to specifically include conspiracy crimes:

> (d) Inchoate Offenses Included.--The terms "crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense.

U.S.S.G. § 4B1.2(d). Sentencing Guideline § 4B1.2(d) vitiates the premise of Nelson's [Fourth] Motion for Compassionate Release. *Havis* and *Powell* are no longer controlling law. Nelson would be considered a career offender if he was resentenced today because attempt and conspiracy offenses qualify as controlled substance offenses pursuant to § 4B1.2(d). It follows that Nelson has not established an extraordinary and compelling reason for a reduction in his sentence pursuant to Sentencing Guideline § 1B1.13(b)(6).

---

Then, the next month, the Sixth Circuit remanded for resentencing consistent with *Havis* a defendant whose designation as a career offender had been based on a conviction for conspiracy to possess with the intent to distribute cocaine base. *United States v. Powell*, 781 F. App'x 487, 490 (6th Cir. 2019). The district court at resentencing held that the defendant's conviction for conspiracy did not qualify as a controlled substance offense under § 4B1.2(b), and therefore, the defendant was not a career offender under § 4B1.1(a). *United States v. Powell*, No. 5:17CR333, 2020 WL 1852750, at *2 (N.D. Ohio April 13, 2020).

## IV. CONCLUSION

For the foregoing reasons, Nelson's [Fourth] Motion for Compassionate Release (Doc. 272) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge